```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Criminal No. 03-300(1)(DSD)
```

United States of America,

       Plaintiff,

v.                                                  **ORDER**

Patrick Fitzgerald Ester,

       Defendant.

This matter is before the court upon the pro se motion by defendant Patrick Fitzgerald Ester for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c). Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On March 17, 2004, a jury convicted Ester on four counts of distribution in excess of five grams of a cocaine base mixture and two counts of distribution in excess of fifty grams of a cocaine base mixture, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B) and 18 U.S.C. § 2. On September 13, 2004, the court sentenced Ester to 202 months imprisonment on counts one, two, three and five, and 240 months imprisonment on counts four and six, to run concurrently. The Eighth Circuit affirmed. See United States v. Ester, 163 F. App'x 441, 441 (8th Cir. 2006).

On November 1, 2011, and again on July 20, 2012, Ester filed pro se motions for a reduction in sentence pursuant to 18 U.S.C. § 3582(c). The court now considers the motions.

## DISCUSSION

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. See 18 U.S.C. § 3582(c). On November 1, 2011, the Sentencing Commission promulgated Amendment 750, which reduces the base offense level for many offenses involving cocaine base (crack cocaine). See U.S. Sentencing Commission Guidelines Manual § 2D1.1(c) (2011); id. app. C, amend. 750, pt. A. When considering a sentence reduction, the court makes a two-step inquiry. See United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc). The first step requires the court to calculate the Guidelines range that would have applied if the relevant amendment had been in force at the time of the original sentencing. See U.S. Sentencing Commission Guidelines Manual § 1.10(b)(1); Hasan, 245 F.3d at 684-85 (citation omitted). The court then determines whether and to what extent to reduce a defendant's sentence. See Hasan, 245 F.3d at 685.

The jury determined that Ester distributed 120 grams of crack cocaine, thereby resulting in a base offense level of 32. Ester argues that under the amended Guidelines, his base offense level

would be reduced to 28. See U.S. Sentencing Commission Guidelines Manual § 2D1.1(c). At the time of sentencing, however, based on the amount of crack cocaine involved in the offense, Ester was subject to a mandatory-minimum sentence of twenty years. When, as here, a statutory-minimum sentence exceeds the amended Guidelines range, "the statutorily required minimum sentence shall be the guideline sentence." Id. § 5G1.1(b). As a result, the amended Guidelines do not reduce Ester's recommended Guideline sentence. See United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008) (noting that amendment to Guidelines does not affect sentence when defendant is subject to statutory-minimum sentence).

Ester next argues that he is eligible for a sentence reduction based on the Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012). In Dorsey, the court held that "the Fair Sentencing Act's new, lower mandatory minimums ... apply to the post-Act sentencing of pre-Act offenders." Id. at 2335. Ester, however, was sentenced on September 13, 2004, well before the promulgation of the Fair Sentencing Act. As such, Dorsey is inapposite. See United States v. Fenner, No. 06-211(01), 2012 WL 2884988, at *1-2 (D. Minn. July 13, 2012). Moreover, the Eighth Circuit has consistently held that the Fair Sentencing Act is not

retroactive. United States v. Woods, 642 F.3d 640, 644-45 (8th Cir. 2011); United States v. Neadeau, 639 F.3d 453, 456 (8th Cir. 2011). Therefore, Ester is not eligible for a sentence reduction.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motions [ECF Nos. 291, 292] are denied.

Dated:  July 30, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court
