UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 03-300(1)(DSD)

United States of America,

   Plaintiff,

v.                 **ORDER**

Patrick Fitzgerald Ester,

   Defendant.

This matter is before the court upon the motion by defendant Patrick Fitzgerald Ester for a reduction of his sentence pursuant to Section 404 of the First Step Act. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

On March 17, 2004, a jury convicted Ester on four counts of distribution in excess of five grams of a cocaine base mixture and two counts of distribution in excess of fifty grams of a cocaine base mixture, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B) and 18 U.S.C. § 2. Ester was on supervised release relating to a 1995 conviction for conspiracy to distribute crack cocaine at the time of his conviction. See United States v. Ester, Crim. No. 3:95-24(8), ECF Nos. 441 (D. Minn. 1995).

On September 13, 2004, the court sentenced Ester to 202 months imprisonment on counts one, two, three and five, and 240 months

imprisonment on counts four and six, to run concurrently. The court also imposed a consecutive 37-months term of imprisonment for violating supervised release in the 1995 case. ECF No. 206; United States v. Ester, Crim. No. 3:95-24(8), ECF No. 651 (D. Minn. Sept. 13, 2004). The Eighth Circuit Court of Appeals affirmed. See United States v. Ester, 163 F. App'x 441, 441 (8th Cir. 2006). Ester filed numerous pro se collateral motions, all of which the court denied. See ECF Nos. 230, 239, 252, 269, 289, 293.

Ester now moves for a reduction in sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The government supports the motion.

**DISCUSSION**

In 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack and powder cocaine in sentencing by increasing the threshold amounts required to trigger mandatory minimum sentences for crack cocaine offense. An offense must now involve more than 280 grams of crack cocaine, rather than the prior standard of more than 50 grams, to trigger a mandatory minimum sentence of ten years. See 21 U.S.C. § 841(b)(1)(A)(iii). The Act also increased the amount of crack cocaine needed to trigger a five-year mandatory minimum sentence from 5 to 28 grams. See 21 U.S.C. § 841(b)(1)(B)(iii). Offenses involving less than 5 grams of crack cocaine no longer carry a mandatory minimum

2

sentence, and the maximum sentence for such amounts is capped at twenty years.  See 21 U.S.C. § 841(b)(1)(C).  The Fair Sentencing Act became effective as of August 3, 2010, but Congress failed to give it retroactive effect.  See United States v. Orr, 636 F.3d 944, 958 (8th Cir. 2011).

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act retroactive to defendants who were sentenced before August 3, 2010, and gives the district court the discretion to reduce a defendant's sentence as if the Fair Sentencing Act was in effect at the time of the offense.  18 U.S.C. § 3582(c)(1)(B) provides a mechanism to implement the retroactive changes permitted by the First Step Act by authorizing sentencing reductions when "expressly permitted by statute."  See United States v. Shelton, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. April 15, 2019) (collecting cases holding that § 3582(c)(1)(B) applies to the First Step Act).

Here, the parties agree that Ester is entitled to a sentence reduction to time served under the First Step Act.  There is no dispute that any reduction should not affect Ester's 37-month sentence in the 1995 case.

The court has reviewed the parties submissions and the record in the case and finds that, under these circumstances, a sentence reduction to time served is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for a sentence reduction pursuant to Section 404 of the First Step Act [ECF No. 298] is granted;

2. Defendant's term of imprisonment in this case is reduced to time served;

3. Defendant's term of supervised release is reduced to 8 years under the terms and conditions originally imposed; and

4. The court's ruling does not affect Ester's consecutive 37-month sentence imposed in <u>United States v. Ester</u>, Crim. No. 3:95-24(8) (D. Minn).


Dated: June 5, 2019

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court